1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

7

### EASTERN DISTRICT OF CALIFORNIA

8

9  JOSE LUIS BARRAGAN,               )     1:08-cv-01416 OWW YNP (DLB) (HC)
                                    )
10              Petitioner,          )     FINDINGS AND RECOMMENDATION
                                    )     REGARDING RESPONDENT'S MOTION
11       v.                         )     TO DISMISS
                                    )
12                                  )     [Doc. #16]
   DON MILLS,                       )
13              Respondent.         )
                                    )
   _____ )

14

15       Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

16  pursuant to 28 U.S.C. § 2254.

17                                **BACKGROUND**

18       On July 2, 2004, Petitioner was convicted in the Tulare County Superior Court of three

19  counts of aggravated sexual assault of a child, two counts of forcible oral copulation, and two counts

20  of forcible rape of his step-daughter. (Mot. to Dismiss at 2).

21       On May 17, 2005, Petitioner filed an appeal with the California Court of Appeal, Fifth

22  Appellate District. (Id.; Lodged Doc. 1).  The conviction was affirmed on February 6, 2006.  (Mot. to

23  Dismiss at 2; Lodged Doc. 2).

24       On March 15, 2006, Petitioner filed a petition for review with the California Supreme Court.

25  (Mot. to Dismiss at 2; Lodged Doc. 3).  The claims presented in that petition are as follows: 1) "the

26  Superior Court's refusal to consider appellant's motion to substitute counsel during the competency

27  proceedings violated per se Appellant's Sixth Amendment right to counsel and Fourteenth

28  Amendment due process and was also not harmless beyond a reasonable doubt;" 2) "the trial court's

1   fundamentally unfair instruction on a confession was reversible error, violated the Fourteenth

2   Amendment due process clause, contributed to and had a substantial and injurious influence on the

3   verdicts obtained;" and 3) "the Superior Court's findings or aggravating factors to impose upper

4   terms for counts four through seven violated appellant's Sixth Amendment jury trial guarantee,

5   denied Fourteenth Amendment due process, and resulted in invalid, unauthorized sentences."

6   (Lodged Doc. 3 at i).  The Court denied the petition without prejudice to any relief to which

7   Petitioner might be entitled after the United States Supreme Court rendered its decision in

8   Cunningham v. California, 549 U.S. 270 (2007).  (Mot. to Dismiss at 2; Lodged Doc. 4).

9          On July 6, 2006, Petitioner filed a petition for writ of certiorari with the United States

10  Supreme Court.  (Mot. to Dismiss at 2; Lodged Doc. 5).  The Court granted the writ on February 20,

11  2007, and remanded the case to the Court of Appeal for further consideration in light of

12  Cunningham.  (Lodged Doc. 6).

13         On September 11, 2007, the Court of Appeal once again affirmed Petitioner's conviction.

14  (Mot. to Dismiss at 2; Lodged Doc. 9).

15         On October 2, 2007, Petitioner filed a second petition with the California Supreme Court.

16  (Mot. to Dismiss at 2-3; Lodged Doc. 10).  The first and second claims in this petition are identical

17  to the first two claims in the first California Supreme Court petition; the remaining claims are as

18  follows: 3) "the structural Sixth Amendment violation was reversible error per se" and "the opinion's

19  harmless error conclusion contravened United States Supreme Court Precedents."  (Lodged Doc. 10

20  at i).  The state high court denied the petition on November 28, 2007.  (Mot. to Dismiss at 3; Lodged

21  Doc. 11).

22         Petitioner filed a petition for writ of habeas corpus with this Court on September 23, 2008.

23  (Doc. #1).  The instant petition contains the following grounds for relief: 1) "Trial counsel failed to

24  subpoena certain witnesses that petitioner wanted to testify on his behalf;" 2) "Trail counsel failed to

25  call [a] medical expert to testify on behalf of defense;" and 3) "Trial counsel failed to object to his

26  client being tried for the same cases in Oregon."  (Pet. at 4-5).

27         On December 19, 2008, Respondent filed a motion to dismiss the petition on the grounds that

28  the federal petition consists of wholly unexhausted claims. (Doc. #16).  Petitioner did not respond to

U.S. District Court

E. D. California

1    the motion.  It is Respondent's motion to dismiss that will considered herein.

2    **DISCUSSION**

3    A.  Procedural Grounds for Motion to Dismiss

4          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

5    if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

6    relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the Rules Governing §

7    2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney

8    general, thus avoiding the necessity of a formal answer as to that ground."  The Ninth Circuit has

9    referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state

10    remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases.

11    See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th

12    Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).  Based on the Rules

13    Governing Section 2254 Cases and case law, the Court will review Respondent's motion for

14    dismissal pursuant to its authority under Rule 4.

15    B.  Exhaustion of State Remedies

16          A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

17    petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

18    exhaustion doctrine is based on comity to the state court and gives the state court the initial

19    opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

20    U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158,

21    1163 (9th Cir. 1988).

22          A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

23    full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v.

24    Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88

25    F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full

26    and fair opportunity to hear a claim if the petitioner has presented the highest state court with the

27    claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504

28    U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

1    Additionally, the petitioner must have specifically told the state court that he was raising a

2  federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669

3  (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999);

4  Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States Supreme Court

5  reiterated the rule as follows:

6         In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion
       of state remedies requires that petitioners "fairly presen[t]" federal claims to the
7      state courts in order to give the State the "'opportunity to pass upon and correct
       alleged violations of the prisoners' federal rights" (some internal quotation marks
8      omitted). If state courts are to be given the opportunity to correct alleged violations
       of prisoners' federal rights, they must surely be alerted to the fact that the prisoners
9      are asserting claims under the United States Constitution. If a habeas petitioner
       wishes to claim that an evidentiary ruling at a state court trial denied him the due
10     process of law guaranteed by the Fourteenth Amendment, he must say so, not only
       in federal court, but in state court.

11

12 Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

13        Our rule is that a state prisoner has not "fairly presented" (and thus
       exhausted) his federal claims in state court *unless he specifically indicated to*
       *that court that those claims were based on federal law*. See Shumway v. Payne,
14     223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in
       Duncan, this court has held that the *petitioner must make the federal basis of the*
15     *claim explicit either by citing federal law or the decisions of federal courts, even*
       *if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889
16     (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the
       underlying claim would be decided under state law on the same considerations
17     that would control resolution of the claim on federal grounds. Hiivala v. Wood,
       195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31
18     (9th Cir. 1996); . . . .
          In Johnson, we explained that the petitioner must alert the state court to
19     the fact that the relevant claim is a federal one without regard to how similar the
       state and federal standards for reviewing the claim may be or how obvious the
20     violation of federal law is.

21 Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

22    Respondent prays for dismissal because none of the claims presented in this federal petition

23 have ever been presented to the California Supreme Court.  All three claims presented in the instant

24 petition appear to be claims of ineffective assistance of counsel; a ground that was never presented in

25 either of the state supreme court petitions.  After comparing the instant claims with those claims

26 brought in both of the state supreme court petitions, it is clear that none of the claims brought in the

27 District Court have ever been presented to the California Supreme Court.  Because the instant

28 petition consists wholly of unexhausted claims, Respondent's motion to dismiss should be granted

1   and the petition should be dismissed without prejudice.

2                                   **RECOMMENDATION**

3         Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be

4   GRANTED and the petition for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE.

5         This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United

6   States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule

7   72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

8   California.  Within thirty (30) days after being served with a copy of this Findings and

9   Recommendation, any party may file written objections with the Court and serve a copy on all

10  parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

11  Recommendation."  Replies to the Objections shall be served and filed within ten (10) court days

12  (plus three days if served by mail) after service of the Objections.  The Finding and Recommendation

13  will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to

14  28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified

15  time may waive the right to appeal the Order of the District Court.  MartineYlst, 951 F.2d 1153 (9th

16  Cir. 1991).

17        IT IS SO ORDERED.

18    **Dated:   August 31, 2009**                    **/s/ Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28